Battle, J.,
 

 after stating the case as above: — The claim of the plantiff to be the guardian of his children, by virtue of the testamentary appointment of their grandfather, is founded, we presume, upon die Act of 1762, (1 Rev. Stat. chap. 54. Sec. 1.) That Statute enacts,
 
 “
 
 that where any person hath or shall have any child or children, under the age of twenty-one years, and not married, it shall be lawful for the father of such child or children, &c.” by deed executed in his lifetime, or by his last will and testament, to appoint a guardian for such child or children. Our Act is very nearly a literal copy of the Statute of Charles 2, ch. 24, and must receive the same construction. In England, it is well settled that none but a father — not even a mother or other
 
 *48
 
 person standing
 
 in loco parentis
 
 — can appoint a guardian under the Statute of Charles. Macpherson on Infants, page 82, (Law Lib., vol. 25 of New Series,)—1 Bl. Com., 462, in the notes to Chitty or Wend. Ed.—3 Atk. Rep., 519. The words of the Act are plain) and we have no right to extend them by construction. Upon an analogous principle, the power to appoint among children) will not authorize an appointment to grandchildren.
 
 Rankin
 
 v.
 
 Hoyle,
 
 6 Ire. Eq. Rep., 161—Sug. on Pow., ch. 9, sec. 5, page 501, (Law Lib. Ed., vol. 2, page 253.) The bill must be dismissed, with costs.
 

 Per Curiam. Bill dismissed.