## MERRITT v. CORTIES et al.

(Supreme Court, General Term, Second Department. July 28, 1893.)

1. TESTAMENTARY TRUST—DISCRETIONARY POWER IN TRUSTEE.

Where a discretionary power is vested in a trustee under a will in regard to paying over to legatees the principal of certain bequests, a court of equity will not abrogate the trust by requiring the trustee to pay over the principal, especially in the absence of proof of misconduct on his part.

2. CONFLICT OF LAWS—CONSTRUCTION OF TRUST.

Where a testatrix was a resident of New York, and her property, all of which was personalty, was situated there, the validity of a trust provision in the will must be determined by the laws of New York, and not by those of the residence of the cestui que trust.

### Appeal from surrogate's court, Dutchess county.

Action by J. Walter Merritt against Jacob Corties, as sole qualifying executor of and trustee under the will of Elizabeth L. Merritt, deceased, Charles A. Macy, Jr., Josephine C. Merritt, Clemtine Cornelia Merritt, Isaac Walter Merritt, and Elizabeth L. Merritt, to compel the executor and trustee to pay a certain sum held in trust for plaintiff under the will. Testatrix divided her estate into six shares, and directed her executors and trustees to pay the income of the shares to her children, "and I further authorize and empower my said executors and trustees, the survivor and survivors of them, to pay over any part or the whole of the portion or share herein set apart for the benefit of any child of mine to such child (but not to the widow of any child) whenever they become satisfied in their careful judgment and discretion that it is entirely safe and prudent and for the best interests of said child and his family."

Paragraphs 7 and 8 of the complaint are as follows: "(7) The plaintiff further shows that he has requested and demanded of the defendant Jacob Corties, as such sole acting executor of and trustee under the said last will and testament of Elizabeth (or Eliza) L. Merritt, deceased, that in the just and reasonable exercise of the judgment and discretion referred to and conferred upon him in and by said last will and testament he pay over to the plaintiff the principal of his said share in his mother's estate, but that the said defendant Jacob Corties will not consent and refuses to pay over the same unless the defendant Charles A. Macy, Jr., consents, which this plaintiff is informed and believes he refuses to do, or unless by the order, judgment, or decree of a court of competent jurisdiction ordering, directing, or allowing the same. (8) The plaintiff further shows that he is a citizen of the state of Georgia, and that he is entitled to hold personal property anywhere, as provided by the laws of the state of his domicile. That by and under the laws of the state of Georgia no person can hold property as a trustee for a person of sound mind and sober habits, whether as an estate in fee simple or as an estate for life, if only a life estate, then he may hold it in possession, subject only to the rights of such remainder or reversion as may be fixed upon it. That the said law of the state of Georgia is as follows: [Here is inserted Code Ga. § 2306.] That the object of this plaintiff in thus pleading the statute of the state of Georgia is to show that in the state of his domicile no trustee can be had for him, and plaintiff claims that no foreign trustee, outside of the state of this plaintiff's domicile or residence, can exercise authority or power over him or over his property that he, such trustee, could not exercise in the state where this plaintiff resides and has his legal domicile."

Argued before DYKMAN and PRATT, JJ.

Robert L. Rodgers, (S. K. Phillips, of counsel,) for appellant.
Herrick & Losey, for respondents.

v.24 N.Y.s.no.7—36

PRATT, J. There is neither reason nor authority to support the contention of the plaintiff. The plaintiff has referred us to many decisions laying down undoubted rules of law, but the difficulty with them is they have no application to the case in hand. By a reference to the will it will be observed that a discretionary power is vested in the trustees, and a court of equity will not assume the power to abrogate such a trust, especially in the absence of proof of misconduct on the part of the trustee. The contention that the property claimed should be distributed under the laws of the state of Georgia, where he resides, has no merit. The testator lived, made his will, and died in New York, and the property is located in this state, and must be distributed under the laws thereof. Cross v. Trust Co., 131 N. Y. 330, 30 N. E. Rep. 125. The case is too plain to admit of discussion.

Judgment affirmed, with costs.