Hillsborough, }
April 7, 1908. }

## PETITION OF BURNHAM & a., Trustees.

A party who excepts to a finding of the superior court, on the ground that
it is not warranted by the evidence, should have the evidence adduced at
the trial transferred as a part of the case.

When it has been determined that a valid charitable trust is created by a will,
the heirs of the testator have no interest in the question of its execution
apart from the general public, whose rights it is the duty of the attorney-
general to protect.

PETITION, for advice as to the validity of the residuary clause
of the will of Emeline R. Balch, and in particular requesting
information as to whether the trust fund there provided for should
be used for maintaining a hospital for general use, or whether the
trustees should apply the fund to establish and maintain a hospital
for a special use, and if so for what use. There was a trial in the
superior court at the May term, 1907, before *Peaslee, J.*, at which
time the trustees, the testatrix's heirs-at-law, the attorney-general,
and persons interested in a hospital for a special use appeared and
were heard. The heirs-at-law filed an answer, claiming that the
residuary clause was inoperative, impracticable, null, and void,
and prayed for a decree that the estate be turned over to them.

The residuary clause reads as follows: "I give, bequeath, and
devise all the rest, residue, and remainder of my estate, real, per-
sonal, and mixed, wherever found and however described, for the
establishment and maintenance of a hospital to be located at said
Manchester and to be known as the Balch Hospital. It is my will
that said trust for a hospital be administered by five trustees, to
be appointed by the judge of probate for said county of Hillsbor-
ough, upon the petition of my executors or administrators. As
soon as said trustees shall have been duly appointed and have
accepted said trust, my executors or administrators are hereby
authorized to convey, transfer, and pay over to said trustees all
said rest, residue, and remainder, and are directed to do so as soon
as practicable after the remainder is ascertained. Said trustees
may adopt rules and regulations for the management of the trust
and constitute officers, committees, and agents in furtherance of
the charitable objects of this institution, and three of said trustees
shall be a quorum for the transaction of business. The original
number of five trustees shall be preserved, and in the event of a
vacancy one or more of the remaining trustees shall apply imme-
diately to the judge of probate for said county of Hillsborough by

petition to fill said vacancy. During the vacancy I give to the remaining trustees all the powers herein given to the five trustees, and to every substituted or succeeding trustee all the powers. herein given to the original trustee. The words 'trustees' and 'my trustees' shall be understood to mean the trustees for the. time being, original, succeeding, or substituted. It is my will that so much of said rest and residue shall remain unexpended by my trustees after the establishment of the hospital as that the income thereof shall be amply sufficient to pay all taxes, insurance, current expenses, and all other expenses of maintaining said hospital and keeping the same in suitable repair and condition, and said trustees are directed, as soon as practicable after they shall receive said remainder, to commence the establishment of said hospital and to prosecute the work as rapidly as may be consistent with the best interest of the hospital ; and if at any time it shall be deemed best by my trustees to enlarge said establishment, I authorize said trustees to make such changes and additions as may be necessary or useful, reserving sufficient of said remainder to support and maintain said hospital from the income thereof, as above provided for."

It was found that the fund constituting the residue amounted to $170,000 ; and although there were three general hospitals in Manchester when the will was executed in 1901, that the scheme for building another general hospital there, endowed as provided in the will, was not impracticable. The trustees were advised that the intent of the testatrix was to establish and maintain a general hospital, and that they should so execute the trust. A decree was entered that the will created a valid charitable trust, to which the heirs excepted. The heirs asked to be heard as to the. proper execution of the trust, and excepted to a ruling that they had no interest in that matter.

*Burnham, Brown, Jones & Warren*, for the petitioners.

*James O. Bradbury* (of Maine) and *Mathews & Stevens*, for the heirs-at-law.

*Tuttle & Burroughs*, for parties interested in general and special hospitals in Manchester.

BINGHAM, J. The heirs concede that the words used in the residuary clause of the will are sufficiently definite in themselves to create a charitable trust ; but they contend, first, that they were not permitted at the trial in the superior court to be heard or to cross-examine witnesses upon the question of the practicability of

establishing another general hospital at Manchester,—that if they had been, they could have shown that it was impracticable to do so, and that the trust attempted to be created was void,—and, second, that all the evidence that was introduced at the trial was to the effect that it was impracticable to establish another general hospital in that city, and that there was no evidence to the contrary.

The answer to the first contention is that it is without foundation in fact, for the case finds that the heirs, the trustees, the attorney-general, and others appeared and were heard. If the fact was as the heirs now claim, they should have had it so stated in the case.

The answer to the second contention is of a similar nature. If there was no evidence upon which the trial court could have found, as it did, that it was practicable to establish another general hospital at Manchester, endowed according to the scheme outlined in the will, the heirs, if they desired to avail themselves of an exception to the finding, should have had the evidence that was introduced at the trial transferred as a part of the case. This they omitted to do. It is therefore to be presumed that the evidence was sufficient to warrant the finding.

Before it was established that a valid trust was created by the will, no question as to its execution could arise. After that was done and it was determined that the trust was charitable, it became the duty of the attorney-general to see that the rights of the public in the trust were protected and that it was properly executed. The heirs had no interest in the question apart from the general public, whose rights were represented by the attorney-general. *Haynes* v. *Carr*, 70 N. H. 463, 482, 484.

*Exceptions overruled.*

All concurred.