Merrimack,  }
April 4, 1911. }

### ADAMS & a., *Trustees,* v. PAGE & a.

When it is apparent that the insufficiency of a bequest for the establishment and maintenance of a hospital must have been known to the creator of the trust, it is presumed that he intended the trustees should hold the property until, with its accumulations and additional contributions, it should be adequate for the declared purpose; and in such case the administration of the trust begins when the trustees first receive the property from the executors.

Where a testator's plan to provide hospital accommodations for those living in a certain vicinity has become impracticable by reason of the establishment of a similar institution by others, the court has power to carry out the intention of the donor by ordering that the trust property be used for the benefit of the hospital already in operation.

PETITION, by trustees under the will of Sally H. Proctor, for advice as to the disposition of the trust property. Transferred from the April term, 1910, of the superior court by *Wallace,* C. J.

The clause of the will creating the trust is as follows: "All the rest, residue, and remainder of my estate, real, personal, and mixed, wherever found or however situate, I give, bequeath, and devise in trust forever to Charles W. Adams, Alvah W. Sulloway, Frank L. Morrison, Eugene S. Daniell, and Frank N. Parsons,

all of said Franklin, and their successors, for the establishment and maintenance of a hospital in said Franklin to be known as the Proctor Hospital. The above named trustees and their successors shall have power to fill all vacancies in their number arising from death, resignation, removal from the state, or otherwise. The said trustees shall have full power to sell, lease, transfer, and otherwise dispose of the property given them for this trust, to purchase such other property, appliances, instruments, and employ such servants as to them shall seem most effectually to subserve the best interests of said Proctor Hospital. It is my direction that any patients admitted to said hospital may be attended by the physician of their choice."

Sally died in 1899. Her estate was fully administered, and the residue, now worth $6,000, was turned over by the executor to the trustees in January, 1901. In 1910, a hospital association was formed and a hospital established in Franklin. The court found that the establishment of the Proctor Hospital was thereby made impracticable, and directed the trustees to turn over the trust property to the hospital association to be held in trust, the income to be used in maintaining a ward to be known as the Proctor ward. To this decree Sally's heirs, who are the defendants, excepted.

*Leach, Stevens & Couch (Mr. Leach* orally), for the plaintiffs.

*Niles & Upton* (by brief and orally), for the defendants.

*Edwin G. Eastman,* attorney-general, for the state.

YOUNG, J. The defendants contend that the bequest is void (1) because the scheme the testatrix devised for administering it broke down before the administration was begun, and (2) because it cannot be found that a desire to provide those living in Franklin with hospital accommodations induced her to make the bequest.

1. By *cy pres* is intended the duty of the court, when the donor's scheme for administering a trust breaks down, to devise one for that purpose as nearly (*cy pres*) like his as may be. *Adams Academy* v. *Adams,* 65 N. H. 225; *Edgerly* v. *Barker,* 66 N. H. 434; *Haynes* v. *Carr,* 70 N. H. 463. In other words, when the donor's purpose can be ascertained and is legal, it is the court's duty to enforce it. *Hayward* v. *Spaulding,* 75 N. H. 92. No valid reason can be given why this rule should not apply as well when the scheme breaks

down before, as when that does not happen until after the administration begins; but it will not be necessary to consider that question, for the testatrix's scheme did not become impractical until long after the trustees began to administer the trust.

The defendants assume that the administration of the trust would not begin until the trustees established the hospital. This assumption is clearly fallacious. Administering a trust is doing whatever the donor intended; consequently when the trustees do any of those things, they begin the administration of the trust. The testatrix must have known that the property she gave her trustees would not be sufficient at the time of her death to establish and maintain a hospital; consequently she must have intended that they should hold the property until, with its accumulations, or with what others might contribute for that purpose, a fund was created that would justify the establishment of a hospital. Since the testatrix intended her trustees to hold the property until it was sufficient for that purpose, the administration of the trust began when they first received the property from the executor, or some nine years before it became impractical to establish the Proctor Hospital.

2. The defendants, both in their brief and oral argument, have discussed at some length the court's power to devise a scheme for administering a trust when the donor's scheme breaks down; but if that were an open question (*Pembroke Academy* v. *School District*, 75 N. H. 408; *Keene* v. *Eastman*, 75 N. H. 191; *Edgerly* v. *Barker*, 66 N. H. 434; *Adams Academy* v. *Adams*, 65 N. H. 225; *Brown* v. *Concord*, 33 N. H. 285), it would serve no useful purpose to consider it. On the one hand, if a desire to provide hospital accommodations for those living in Franklin and vicinity did not induce the making of the gift, the court had no power to make the decree; and on the other, if that was the testatrix's purpose, the defendants concede that they cannot be heard to question the decree. *Burnham's Petition*, 74 N. H. 492.

The language the testatrix used is all the evidence there is relevant to the issue of the purpose; and if that is given its ordinary meaning, or any meaning of which it is fairly capable, a desire to provide hospital accommodations caused her to make the bequest. She says she gives the property "for the establishment and maintenance of a hospital in said Franklin," and there is nothing in the will to rebut the presumption that the desire to provide hospital accommodations induced the bequest. It is true she says the hospital is to be called the Proctor Hospital, but that has no great

tendency to prove that it was a wish to have it known by that name which induced the bequest. It is more probable that the provision in respect to the name, like that in respect to the trustees' duties, was merely a part of her scheme for administering the trust. It cannot be found from such evidence that she intended her heirs should have the property if her scheme for administering the trust ever broke down. *Keene* v. *Eastman*, 75 N. H. 191, 193.

*Defendants' exception overruled.*

PARSONS, C. J., did not sit: the others concurred.