Hillsborough, }
Nov. 7, 1911. }

### FRENCH, *Adm'r, & a. v.* LAWRENCE *& a.*

A bequest to "the feeble Congregational churches of New Hampshire" is not void for illegality or indefiniteness, and may be administered without an exercise of prerogative power.

Where a will fails to provide trustees to execute a charitable trust, it is presumed that the testator intended to impose that duty upon the persons appointed to complete the administration of his estate.

Where a will provides that one fourth of the residue of the estate is to be divided among feeble Congregational churches, and the annual income of such fund would be insufficient to pay the expense of administering it, it is the duty of the administrator to convert the available property into money and distribute a quarter of the proceeds among such Congregational churches as are not self-supporting at the time the division is made.

BILL IN EQUITY, by the administrator *de bonis non* with will annexed of the estate of Gideon Hardy, praying for advice as to his duty under the will. Transferred without a ruling from the January term, 1911, of the superior court by *Wallace*, C. J.

The tenth clause of the will provides: "At my said wife's decease, if any property is left after paying funeral expenses and liabilities, I desire the same to be divided into four equal parts, . . . one fourth to the feeble Congregational churches of New Hampshire." Gideon's heirs-at-law contend that this bequest is invalid because it cannot be administered without an exercise of prerogative power, because the will does not contemplate the appointment of a trustee, and because of uncertainty as to the churches intended to be benefited. The property available for distribution under the bequest is less than $4,800 in value.

Gideon's wife, who was named as the executrix of the will, is dead. The plaintiff French has been appointed to complete the administration of the estate and asks direction of the court upon the following points: (1) Was it the intent of the testator that the feeble

Congregational churches should be regarded as a class that might vary from time to time as beneficiaries according to their needs, and that the bequest and devise should be held and administered as a trust by some trustee to be appointed by some court? (2) Was it the intent of the will that the property should vest solely in certain feeble Congregational churches after the death of said widow and thereafter be owned by them? If so, how shall those churches be ascertained and in what proportion shall they share? (3) Was it the intent of the will that the administrator should bring about a division of the real estate by proceedings for partition, or by sale and division of the proceeds?

*George B. French* (by brief and orally), for the plaintiffs.

*Sylvester P. Callinan* (of Massachusetts) and *Niles & Upton* (*Mr.* *Upton* orally), for the defendants.

YOUNG, J. The mere statement of what is intended by prerogative power will demonstrate the fallacy of the defendants' first contention. It is the custom in England, when a bequest is given to charity without specifying the particular purpose for which it is to be used, or when the purpose for which it is given is illegal, for the chancellor to designate a purpose for which the money shall be used. The chancellor in doing this is said to exercise prerogative power. The will designates the particular object Gideon desired to promote, and his purpose is legal (*Webster* v. *Sughrow*, 69 N. H. 380); consequently it will not be necessary to consider whether this court has jurisdiction of such causes. This is not to be construed, however, as an intimation that this court will not do whatever is necessary to effect the testator's intention, if it can be ascertained and is legal. *Adams* v. *Page, ante,* 96, 97.

Gideon knew that the bequest was not to take effect until after the death of his wife, and that it would be necessary for some one to determine which of the Congregational churches in this state were feeble and how the bequest should be divided among them. Since this is so, it must be assumed that he intended this work should be done by whomsoever the court appointed to complete the administration of his estate. *Hayward* v. *Spaulding,* 75 N. H. 92, 94.

The fact that the testator failed to name the particular churches which are to take the fund is relevant to the issue of the character

of the trust, but not to that of its validity. That is, the fact that the testator failed to name the particular churches he wished to benefit makes it the duty of the state to see that it is divided among such churches as fairly come within the class the testator desired to benefit, but does not render the bequest invalid. *Haynes* v. *Carr*, 70 N. H. 463, 480. This bequest, therefore, is valid and is to be administered by the plaintiff French.

This brings us to a consideration of the matters as to which our advice is asked. The only evidence relevant to the issue of whether the land is to be sold or divided is the language the testator used, and that tends to prove it is to be sold and the proceeds divided; for he says that whatever property is left at the death of his wife is to be divided into four equal parts, and that one of those parts is to be divided among the feeble churches. The only practicable way of dividing a small tract of land among a large number of persons is to sell it and divide the proceeds.

It is probable that the testator intended to benefit the churches which are feeble when the fund is divided—not those which were feeble at the time of his death. When "feeble" is applied to a corporation, it is commonly used to designate one that is financially weak. It is probable, therefore, that the testator intended to benefit those churches that are not self-supporting.

The testator must have known that the annual income of this fund would hardly be sufficient to pay the expense of administering it, if that included the annual ascertainment of the churches to be benefited and a distribution of the income among them. Since this is so, it is probable he intended that the fund itself should be divided among the feeble churches It is probable that the testator's object in making this bequest was to promote the work of Congregational churches in the state. Therefore, the sums the different churches receive will not necessarily be equal, but the fund should be divided in the way the administrator thinks will best promote the testator's purpose.

The administrator is therefore advised that it is his duty to convert all of Gideon's property that was left at the death of his wife into money, to divide what remains on the settlement of his final account into four equal parts, and to distribute one of them among the feeble Congregational churches in New Hampshire.

*Case discharged.*

All concurred.