Merrimack, }
Oct. 7. 1913. }

JOSIAH E. FERNALD, *Adm'r,* v. FIRST CHURCH OF CHRIST, SCIENTIST, IN BOSTON, & a.

It is the duty of the court to effectuate the intention of the creator of a trust, in so far as it is ascertainable and legal.

Questions of law determined in a proceeding for the construction of a will are not reëxamined upon a subsequent petition by the executor for advice as to the distribution of the estate, at the instance of one not party to the prior action, when there is no reason to doubt the soundness of the views originally expressed.

A testamentary trust for the world-wide promotion and extension of a certain religion should be administered in the state where it originated, and not in another jurisdiction where the designated trustee resides.

The statute requiring every testamentary trustee to give bond to the judge of probate is applicable to one charged with the administration of a charitable trust.

PETITION, by the administrator with the will annexed of the estate not before administered of Mary Baker G. Eddy, for advice as to who will be entitled to the funds in his hands on the final settlement of the estate. Transferred without a ruling from the October term, 1912, of the superior court by *Pike,* J.

*Streeter, Demond, Woodworth & Sulloway,* for the plaintiff.

*Elder, Whitman & Barnum, William A. Morse,* and *Leon M. Abbott* (all of Massachusetts), for the church.

*James P. Tuttle,* attorney-general, and *Robert L. Manning,* for the beneficiaries.

*Per Curiam.* The church contends that this fund should be paid
to it "without any further proceeding"; the attorney-general, that
the plaintiff should hold it until the court appoints a trustee to
administer it. The question as to which of these contentions, if
either, is sound depends on Mrs. Eddy's intention; for it is the court's
duty to effectuate her intention in so far as it can be ascertained and
is legal. *Adams* v. *Page,* 76 N. H. 96; *French* v. *Lawrence,* 76 N. H.
:234. The question of her intention was considered at length in
*Glover* v. *Baker,* 76 N. H. 393, and it was held that she did not intend
to give this property to the church (*p.* 401), but to create a public
trust for promoting and extending Christian Science as taught by
her to all parts of the world (*p.* 425). It is probably technically
true, as the church contends, that it was not a party to that suit
and that the matters decided are not *res adjudicata* in so far as it is
concerned; but that in and of itself furnishes no sufficient reason for
reëxamining the questions. Nothing that has been said or written in
this case has caused the court to doubt the soundness of the views
already expressed, that Mrs. Eddy did not intend to give this prop-
erty to the church to administer as a part of its corporate assets,
but to create a public trust to be administered by the church under
the direct supervision of the court.

The other question raised on this branch of the case is whether
the trust is to be administered under the supervision of the courts
of this state or those of Massachusetts. The claim that the fund
should go to Massachusetts because the gift is to a resident of that
state is disposed of by what has already been said. The gift is
not to the defendant, but to a charity. The trust is not for the
benefit of residents of that state, nor are the funds to be expended
or the proposed work done there any more than in any other part
of the world. *Glover* v. *Baker,* 76 N. H. 393, 424.

The mere fact that the trustee nominated in the will resides in a
certain state affords no sufficient ground for a decision that the trust
fund must be administered in that jurisdiction. No well considered
case has been found holding to such a rule. If the trust were one
to be executed in Massachusetts, a different question would be
presented. The cases relied upon are substantially all of this class.
They involved gifts for certain designated schools, hospitals, and
colleges, for the poor of a certain parish, and the like. These are
plainly gifts for the benefit of one locality only, or else are to be
locally administered. But here one state or one nation might as
well be called the *situs* of the execution of the trust as any other.

This trust being as much for the benefit of this state as for any place should be administered here, since this is the jurisdiction of its origin.

"Every trustee to whom any estate, real or personal, is devised in trust for any person, shall give bond to the judge of probate." P. S., *c.* 198, *s.* 1. "Any person appointed a trustee who shall neglect or refuse to give bond when required shall be considered as having declined the acceptance of the trust." *Ib.*, *s.* 4. These provisions, if applicable to charitable trusts, prescribe certain things which must be done before this executor is authorized to pay over the funds in his hands. The trustee must have qualified as the statute requires.

But it is said the statute does not apply to charitable trusts, but only to those "for any person." If this might be thought to be the intent of the act as it stood before 1891 (*Drury* v. *Natick*, 10 Allen 169), it plainly has not been so since that time. The provision that "no town or city in this state shall be required to give a bond when appointed trustee" (P. S., *c.* 198, *s.* 2) was then adopted as a part of the revision of the statutes. House & Senate Jour., 1891, *p.* 963. As towns can act as trustees only in the case of charitable trusts (*Sargent* v. *Cornish*, 54 N. H. 18; P. S., *c.* 40, *s.* 5), this provision exempting them from the obligation to give a bond was in effect a legislative declaration that the general statute as to trustees' bonds applies to charitable trusts. The plaintiff is advised that he should hold the property in his hands on the settlement of his final account until a trustee or trustees are appointed by the probate court.

*Case discharged.*