Rockingham, }
Dec. 1, 1914. }

CHARLES C. WENTWORTH *v.* SUSAN J. WENTWORTH.

Where a bequest in trust is invalid by reason of the rule against perpetuities, the intention of the testator may be effectuated so far as possible by limiting the duration of the trust to the lives in being at the decease of its creator and twenty-one years thereafter.

A direction in a will that family portraits bequeathed in trust shall not be removed from this state is valid, and cannot be treated as ineffectual merely because it does not impose a forfeiture in the event of a violation.

DETINUE, for portraits of Governor Benning Wentworth, Lieutenant-Governor John Wentworth, and the former's son.   Transferred without a ruling from the April term, 1914, of the superior court by *Pike*, C. J., on an agreed statement of facts.

The portraits in question formerly belonged to Ebenezer Wentworth, of Portsmouth, and are disposed of in his will, under the description "family pictures," as follows: "I give all my family pictures . . . to the eldest of my sons who may be living at the decease of my wife and myself, to have and to hold the same in trust to preserve and to be transferred at his death, to my next eldest son then alive, and so on in regular succession according to seniority, through all my sons; and then to the oldest grandson then alive; and at his death, to the next oldest, and so on through all the grandsons, and continuing that mode of descent forever." A codicil to the will is as follows: "Whereas I have given my family portraits to my children in succession, I now annex to the bequest . . . the condition that they shall not in any event be carried out of the city of Portsmouth or such town as the holder may for the time being occupy in the state of New Hampshire. . . . My object being and my will that said portraits shall forever remain within the limits of this state."

Ebenezer Wentworth died August 13, 1860, leaving a widow, who died in 1865, and five sons. The oldest son, Mark H., died January 11, 1902, leaving a son, Charles E., who died in 1912; the third son, J. Langdon, died May 15, 1897, leaving one son, who is the plaintiff; the other three sons of Ebenezer died before Mark, without issue. Charles E. and the plaintiff were both living at the testator's death, Charles E. being the elder. The portraits were possessed by Mark during his life and after his decease by Charles E., who before his death placed them in the custody of his sister, the defendant, where they have since remained. The plaintiff resides in Roanoke, Virginia. He claims the right to possess the pictures during his lifetime and to remove them from New Hampshire to Virginia. He has demanded possession of the defendant, who refused to deliver them.

*Frink, Marvin & Batchelder*, for the plaintiff.

*Thomas H. Simes*, for the defendant.

PLUMMER, J. The intention of the testator is not doubtful. It was his purpose that upon the death of his eldest son surviving the testator and his wife, the next eldest son living when his older brother died should take, and so on until the death of the last survivor of the sons. Upon the happening of that event, the eldest grandson then living was to take, and so on through this and succeeding generations, in like manner as in the case of the sons. It is manifest,

if the purpose of the testator was to be fully carried out, that some of the limitations to his descendants might not vest within lives in being at his death and twenty-one years and a fraction thereafter. The bequest is therefore invalid at common law by reason of the rule against perpetuities. 4 Kent 268, 303; Gray Perp., ss. 592, 593. In this state, however, it is the practice to carry out so far as possible the intention of the testator; and here, although a will might be invalid in its entirety under the rule against perpetuities, the bequests in it are good for the lives in being at the testator's death and twenty-one years and a fraction thereafter. *Edgerly* v. *Barker*, 66 N. H. 434, 472. The plaintiff was born during the life of the testator, and the limitation to him is valid, even if the trust is private.

The plaintiff is entitled to the possession of the portraits, but he takes them, in the language of the will, "in trust to preserve and to be transferred at his death." The will also provides in express and explicit terms that the portraits shall not be removed from this state. It is argued that the plaintiff can violate this provision with impunity because the will provides no forfeiture of his interest if he does so. The plaintiff cites in his brief several cases in support of this proposition, but in this jurisdiction they have no application. Here, the intention of a testator cannot be defeated upon a technical ground of this character. *Eaton* v. *Straw*, 18 N. H. 320, 329, 330; *Sanborn* v. *Sanborn*, 62 N. H. 631; *Stratton* v. *Stratton*, 68 N. H. 582. "The fact of intention, when found from all the competent evidence presented, must, as a matter of law, be given effect, if it is not repugnant to other legal principles, however peculiar or unusual it may seem to be." *Frost* v. *Wingate*, 73 N. H. 535, 536. The intention must be carried out unless it is impossible or illegal to do so. *Hayward* v. *Spaulding*, 75 N. H. 92. The provision of the testator is neither impossible nor illegal, and is therefore valid and must be executed.

The question of the removal of the portraits is not before the court in this action; but should occasion require, upon proper proceedings the court could make such orders as would effectuate the intention of the testator that they should not be removed from this state. The case has been argued and decided upon the theory of a private trust. Whether the trust may not be public is a question which has not been presented or considered.

*Judgment for the plaintiff.*

All concurred.