Cheshire,  
Jan. 2, 1917.

ULRIC GAGNON & a.   *v.*   JERRY P. WELLMAN & a.

A devise to a parish in trust to build a church to be known by the testator's name and with the "hope that this gift will prove a lasting benefit to the people of said parish" was not given on condition that the parish build a church to be known by his name but was given in trust to be used for the benefit of the inhabitants; and, if for any reason the church cannot bear his name, the court will so administer the trust as to benefit the parishioners and perpetuate his memory.

BILL IN EQUITY, by the heirs at law of Camille Gagnon to remove a cloud from their title to land in this state, of which he died seized and which he devised to the parish of St. Jacques de l'Achigan in the Province of Quebec, in trust for the following purpose, that is to say, to build "a church in said Parish. . . . Said church when erected shall be known as the 'Camille Gagnon Church' and said officers . . . shall place therein . . . a tablet of bronze which shall commemorate the fact that I through this gift have made it possible for this church to be erected and that I have so done that the memory of myself, of my late wife . . . and of my family shall be perpetuated in said Parish . . . and it is my hope that this gift will prove a lasting benefit to the people of said parish for many generations."

The plaintiffs contend that the devise to the parish is void because, as they say, the rules of the Roman Catholic church forbid the naming of a church for any other than a saint or a member of the Trinity. Transferred by *Kivel*, J., without a ruling and in advance of trial, from the October term, 1915, of the superior court.

*McGillicuddy & Morey* (of Maine), and *Orville E. Cain* (*Mr. Morey* orally), for the plaintiffs.

*Charles H. Hersey* and *John E. Allen* (*Mr. Hersey* orally), for the defendants.

YOUNG J.    If the language the testator used is given its ordinary meaning, his controling purpose in making this bequest was to dispose of his property in such a way that it would prove a "lasting benefit" to the inhabitants of the parish and in that way perpetuate his memory and that of his family.    The provision that the money be used to build a church to be known by his name is merely the scheme he devised to effectuate that purpose.    The property therefore was not given to the parish on condition that it build a church to be known by the testator's name, but was given to it in trust to be used for the benefit of the inhabitants.    Such a bequest,—one intended to benefit the inhabitants of the world, *Fernald* v. *Church*, 77 N. H. 108, or those of a particular state, *Haynes* v. *Carr*, 70 N. H. 463, or those of a particular city, *Keene* v. *Eastman*, 75 N. H. 191, constitutes a public trust.    Since this is so, the bequest will not fail even if the plaintiffs' contention that the parish church cannot be known by the testator's name is sound; for it is the court's duty, whenever a testator's intention can be ascertained and is legal, to effectuate it.    This is as true when the scheme the testator devises for that purpose breaks down, or is for any reason illegal, as when his scheme is both legal and workable.    *Adams Academy* v. *Adams*, 65 N. H. 225; *Edgerly* v. *Barker*, 66 N. H. 434; *Haynes* v. *Carr*, 70 N. H. 463; *Haywood* v. *Spaulding*, 75 N. H. 92; *Adams* v. *Page*, 76 N. H. 96; *French* v. *Lawrence*, 76 N. H. 234; *Smart* v. *Durham*, 77 N. H. 58; *Fernald* v. *Church*, 77 N. H. 108; *Wentworth* v. *Wentworth*, 77 N. H. 400.    If, therefore, the parish finds that the church cannot be known as the "Camille Gagnon Church," it will be its duty to apply to the court for relief, and the court will formulate a plan for administering the trust, by which the property can be used in such a way that it will at one and the same time "prove a lasting benefit to the people of said parish" and perpetuate the testator's memory and that of his family for many generations.

*Case discharged.*

All concurred.