474 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Pacelli v. Janowitz Bros.

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

RAFAELLA PACELLI, PETITIONER, v. JANOWITZ BROS.,
RESPONDENTS.

**Employe's Death Probably the Result of Fall Down Stairs During the Employment — Precedents Examined — Judgment for Plaintiff.**

On findings of fact and determination and rule for judgment.

For the petitioner, *Sidney Alexander.*

For the respondents, *Carl Kuebler.*

\*          \*          \*          \*          \*          \*          \*

I find that on August 2d, 1925, Angelo Pacelli was employed by the respondents, Janowitz Bros., as night watchman in their factory in the city of Paterson; that on that day he was injured by accident arising out of and in the course of his employment with the respondents, and that he died on the same day of these injuries, of all of which the respondents had actual knowledge.

The decedent was found dead at the foot of a staircase in the factory of the respondents, with his body in such a position that it convinced me that he had fallen down the stairs. I find that death was due to an accident arising out of and in the course of decedent's employment. I am guided in this finding partly by the following cases submitted by the petitioner: *Steers* v. *Dunnewald,* 85 *N. J. L.* 449, in which the court held that if an employe is found dead and there is no evidence as to how he met his death, the court will presume that it was by accident; *Manziano* v. *Public Service Gas Co.,* 92 *Id.* 322, where the court held that there was a justifiable inference of death by accident arising out of and in

the course of his employment; *Musik* v. *Erie Railroad Co.,* 85 *Id.* 129, in which the inference arose that the injury was produced by an accident; *De Fazio's Estate* v. *Goldschmidt Detinning Co.,* 88 *Atl. Rep.* 705; *affirmed* in 95 *Atl. Rep.* 549, which held that a *prima facie* case of accident had been made out, holding further that the law does not require that the fact of the accident should be established by direct evidence, but that it may be established by circumstantial evidence of such a character as would justify the inference that the injury or death was due to accident; and also by the case of *Bryant* v. *Fissel,* 34 *Id.* 72, which held that it is sufficient if petitioner produces evidence from which an inference may be legitimately drawn that the death of the employe was caused by accident arising out of and in the course of his employment.

\*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*