Strafford,
Dec. 3, 1946. } No. 3617.

PETITION OF ROCHESTER TRUST COMPANY, *Tr.*

*Frank W. Peyser* (by brief and orally), for the plaintiff.

*Ernest R. D'Amours*, Attorney-General, and *Gordon M. Tiffany*, Law Assistant (*Mr. Tiffany* orally), for the State.

MARBLE, C. J. The State's counsel suggest that since literal compliance with the terms of the trust is impracticable, there being no Protestant charitable institution in Rochester, and since the will contains no provision for forfeiture in that event (see *Keene* v. *Eastman*, 75 N. H. 191, 193), the court should invoke its *cy pres* powers to effect as nearly as may be the general intention of the testatrix (see Restatement, Trusts; N. H. Annot., s. 399), and that this intention can be effectuated by instructing the trustees to bestow the fund in question upon some strictly Protestant charitable institution organized in some other locality.

It is the rule in this jurisdiction that where the testator's particular purpose is not an essential part of his charitable scheme, the court will approve a scheme for the application of the property to some other purpose falling within the testator's general charitable intention. *Adams* v. *Page*, 76 N. H. 96; 3 Scott, Trusts, *p.* 2105.

As we interpret the residuary clause, the "exact location" of the Protestant institution to which the fund is to be given "is not a paramount consideration" (*State* v. *Corporation*, 89 N. H. 538, 544).

There is nothing in the will to indicate that the testatrix expected the trustees to organize a Protestant charitable institution if none existed in Rochester at her decease, or to hold the fund until such an institution might there be organized by others. See 2 Bogert, Trusts and Trustees, ss. 343, 344.

She knew how to employ a provision for reverter, since in the twentieth clause of her will she provides that if any legatee shall die before division of the estate is made, the amount of his legacy "shall revert back" to the estate. In the absence of such a provision in the residuary clause it is reasonable to infer that she desired to benefit some Protestant charitable institution, despite its location, rather than to have the fund revert to her heirs in case the "exact effectuation" of her expressed intent became impossible. See 49 Yale Law Journal, 303, 318.

It follows that the gift should be applied *cy pres* to some charity

closely approximating that which the testatrix has designated, excluding of course "any of the special charitable legatees of the will," since the testatrix "evidently made all the provision for them" which she desired. *Souhegan &c. Bank* v. *Kenison*, 92 N. H. 117, 121.

It is suggested that the fund be given to the Frisbie Memorial Hospital of Rochester to be used for indigent Protestant sick and injured residents of that city. But the essential requirement of the bequest is that the charitable institution which is to be the recipient of the gift be "strictly Protestant." The Frisbie Memorial Hospital is not such an institution.

Counsel inform us, however, that there are several strictly Protestant charitable institutions established in other places in the State. That being so, the trustee is advised that it may use its discretion in selecting one such institution as donee, the gift to be made on the express condition that the fund be used solely for the benefit of residents of Rochester.

*Case discharged.*

All concurred.