C. A. CAMP and others v. ELIZA PITTMAN, Ex'x.

*Will—Testamentary Guardian.*

1. A testator cannot appoint a testamentary guardian except to his own children. THE CODE, §1562.

2. After a devise of land to two children, the testator expresses a wish that their father shall manage the property for them and act as their guardian until they become of age; *Held,* that the direction for him to act as guardian does not constitute him a testamentary guardian, but the father has the right to take possession of and manage the estate, as trustee; and without being required to qualify as guardian and give bond, as prescribed by statute.

(*Williams* v. *Jordan,* Busb. Eq., 46; *Fairbairn* v. *Fisher,* 4 Jones' Eq., 390; *Wilkins* v. *Harris,* Winst. Eq., 41; *Neighbors* v. *Hamlin,* 78 N. C., 42, cited and approved).

CONTROVERSY submitted without action in a case pending in HALIFAX Superior Court, and heard at Chambers on February 11th, 1884, before *Avery, J.*

The defendant appealed from the judgment of the court below.

*Messrs. Mullen & Moore,* for plaintiffs.
*Messrs. R. O. Burton, Jr.,* and *R. B. Peebles,* for defendant.

SMITH, C. J. The case agreed and submitted without action under section 567 of THE CODE involves the construction of several provisions contained in the will of Robert W. Pittman, the defendant's testator, and the appeal is from one only of the several rulings of the judge in the court below. To this our attention is confined.

The testator died in December, 1883, leaving a will which bears date in August preceding, and has been duly proved. He nominated therein his brother Ruffin A. Pittman executor and his wife P. Eliza Pittman executrix, of whom the former renounced and the latter accepted the trust and took the prescribed

oath early in January. They are authorized in express terms to take possession of the property, without being required to give security for the faithful management and accounting for what passes into their hands.

In the second clause of the will the testator devises to his wife a tract of land of 100 acres, in addition to the devise of the home place in the preceding article, and proceeds in the third as follows:

"I also will and bequeath to my said wife one-half of all my horses, mules, cows, hogs, corn, fodder, one buggy to her, plantation implements, and in fact everything belonging to the place; all household furniture and kitchen utensils which she may claim after my death. And after her death, I wish all of the above to go to Viola E. Camp and Mary R. Camp equally."

After a devise, contained in the fourth article, of a plantation of 357 acres to the said Viola E. and Mary R. Camp, described as the "children of C. A. Camp," in equal parts, and a bequest to them in the fifth of "one-half of all mentioned in No. 3, except the buggy," the testator in the sixth declares:

"It is my will and wish that C. A. Camp shall take charge of this property and manage it for the children, and act as guardian until they become of age. And in case both of these children should die before they become of age, without lawful issue, I wish this above property to revert or be turned over equally to the children of my brother Ruffin A. Pittman."

The testator left a considerable personal, and much of it perishable estate, specifically mentioned in the case, and much more in value than is required to pay the debts and charges of administration, and the executrix is prepared and ready to deliver over to the party entitled to the excess not needed for that purpose, but is advised that she cannot safely surrender it to the said C. A. Camp under the will, until he shall qualify as guardian and give the bond prescribed by the statute.

The plaintiffs insist that no such condition is imposed, and that the said C. A. Camp, as trustee, is entitled, upon executing

a refunding bond only, to take possession and manage the property for his children. This is the only point presented in the appeal, the parties acquiescing in the rulings of the court upon the other matters in controversy set out in the case.

The direction that the plaintiff C. A. Camp, the father, shall "act as guardian" in the use and management of the estate committed to his custody during the minority of the infants, does not constitute him a testamentary guardian, for he can appoint such only to his own children under the statute (THE CODE, §1562), and the care of these infants is by law reposed in their father. A testator cannot appoint a testamentary guardian even to his own grandchildren. *Williamson* v. *Jordan*, Busb. Eq., 46.

The use of these words in that connection is rather to define the authority conferred and indicate the degree of care and attention to be given in its exercise, assimilating them to such as attach to a guardian appointed under the statute.

The testator in disposing of his property has a perfect right to designate in whose hands it shall be placed for management for the benefit of others during a specified interval, as much so as to commit the whole estate to executors in whose capacity and integrity he confides; and in such cases no security will be required, and no interference allowed, until by mismanagement, actual or imminent, it appears that confidence is misplaced and injury may result.

In *Fairbairn* v. *Fisher*, 4 Jones' Eq., 390, RUFFIN, J., thus answers an application to the court to intervene for the protection of property against an insolvent executor:

"There does not appear to be any change, for the worse at least, in the property or credit of the executor, since the death of the testator. The mere poverty of the executor does not authorize the court, against the will of the testator, to remove him by placing a receiver in his place. There must be, in addition, some maladministration, or some danger of loss from the misconduct or negligence of the executor for which he will not be able to answer by reason of his insolvency."

.This statement of the rule is reiterated by BATTLE, J., in *Wilkins* v. *Harris*, 1 Wins. Eq., 41, and again approved by the court in *Neighbors* v. *Hamlin*, 78 N. C., 42.

The testator has clothed the father, as trustee, with the right to take possession of and manage the estate for the advantage of the infants, and has not required any security other than that furnished in his personal fitness for the imposed trust, and his parental relation to the beneficiaries for whom he is to act; and we cannot impose terms or conditions which the testator has not imposed in his will. In dispensing with any security as to his executors, which, as he seems to have known, was under some circumstances required (THE CODE, §1515), but not such as existed in this case, he shows that his attention was called to the matter, and his silence on the subject in appointing the trustee was not the result of inadvertence, but of a positive purpose to impose no such obligation upon him.

There is not a suggestion, inviting the intervention of the court, of a want of fitness and capacity in the trustee, of any manifested disposition on his part to misuse the trust estate, or inability to make good the damages if he should misuse it in disregard of both fiduciary and parental duty, and it would be an unwarranted exercise of judicial power in the court, in unchanged circumstances, to require what the owner of the property did not see fit to require, further security for personal fidelity in the discharge of the imposed trusts.

We, therefore, concur in the ruling of the court and declare there is no error. This will be certified to the end that the cause may proceed to find judgment in the court below.

No error.                                                   Affirmed.