J. H. RIPLEY v. T. H. ARMSTRONG.

(Filed 22 May, 1912.)

1. **Wills—Acknowledgment—Signing Sufficient.**

   It is sufficient acknowledgment of a will, and the same in effect as if the testatrix had signed in the presence of the witnesses, for her to hold the signed instrument in her hands, declare it to be her last will and testament, saying she had signed it, and request the witnesses to sign, which they did in her presence.

2. **Wills — Interpretation — Intent—Testator's Circumstances—Evidence.**

   The primary purpose in construing the will is to ascertain the testator's intent, and it is competent to consider his condition and that of his family, with all the attendant circumstances.

3. **Same—Devise—Powers of Sale.**

   When it appears that the land of the testatrix was of comparatively little value, without sufficient income to maintain her children, the beneficiaries of her will, and that it was mortgaged without provision or means for releasing it, except by sale, a devise of the lands to the husband, "to use as he thinks

best for the maintenance of" their children, makes the hus ..and the trustee, and vests in him the power to sell· and convey the property in fee simple.

APPEAL by plaintiff from judgment rendered by *Foushee, J.,* 25 April, 1912; from HENDERSON.

*Smith, Shipman, and Justice for plaintiffs.*
*Michael Schenck for the defendant.*

CLARK, C. J.    The plaintiff contracted to sell a tract of 17½ acres to the defendant, who now. refuses to pay for the same upon the ground that the plaintiff cannot execute a good title. The plaintiff acquired title under the will of his wife.

Two questions are presented on this appeal.    It appears in the probate of the will that the testatrix, "holding the instrument in her hands, with her name written at the bottom, acknowledged and declared the same to be her last will and testament; that the same had been signed by her; that she then and there requested the witnesses to sign the instrument, which they did in her presence and at her request as witnesses." This was sufficient. *Elbeck v. Granberry,* 3 N. C., 233; *Bateman v. Mariner,* 5 N. C., 176. ' This acknowledgment was of the same effect as if the testatrix had signed in the presence of the witnesses, which indeed is more than the statute requires. *In re Herring,* 152 N. C., 260.

The provision in the will in controversy is as follows:    "I give and bequeath to my beloved husband, J. H. Ripley, all my real estate consisting of land houses and whatsoever it may be in Hendersonville, N. C., or wheresoever it may be found, also all my personal property to use as he thinks best for the maintenance of our children."    Upon this language, especially taken in connection with the attendant circumstances, we are of opinion that the plaintiff took as trustee, with power under the will to sell and convey the property in fee simple.    The primary purpose in construing a will is to ascertain the intention of the testator from the language used by him.    In ascertaining such intention it is competent to consider the condition of the testator and family and all the attendant circumstances. *Parks v. Robinson,* 138 N. C., 269.    In *Crawford v. Wearn,*

115 N. C., 540, it was held that the "power to invest or use" conferred upon the life tenant the power to convey in fee simple.

It appears upon the "facts agreed" in this case that the testatrix had executed mortgages upon the land described, aggregating $2,200, which were unpaid and a lien upon her land at the time of her death, and that she left no fund or personalty with which to liquidate said indebtedness; that the land is not valuable for agricultural purposes and it is without improvements thereupon except a cottage, and no income can be derived from the land sufficient to maintain the family of four children who survived her, except by a sale; that it was necessary for the plaintiff to sell the land to obtain means of maintenance for the children. Upon these facts it is placed beyond reasonable doubt that the intention and meaning of the testatrix was to vest the husband with authority to sell said land, and that he can make a good title in fee thereto.

Upon the case agreed the judgment must be

Reversed.