NANCY H. SAWYER, by Her Next Friend, J. C. Spence, v. RAY TOXEY, HUBERT TOXEY, MINNIE TOXEY WILSON, MARY L. TOXEY, MARY A. SAWYER, J. C. SAWYER, Jr., MARTHA SAWYER, J. C. SAWYER, Sr., AUBREY GALLOP, FLORENCE GALLOP, MARGARET SAWYER, ROLAND M. SAWYER, P. G. SAWYER, Sr., P. G. SAWYER, Jr., M. B. SAWYER, and M. B. SAWYER, Executor of M. N. SAWYER, Deceased, STELLA GALLOP, MINNIE G. WHITEHURST, and Any and All Grandchildren of M. N. Sawyer, Deceased, Either in Being or Not in Being.

(Filed 12 October, 1927.)

1. **Wills—Intent — Interpretation — Beneficiaries as a Class — Death of Testator.**

   Where the grandchildren of the testator are to take under the will as a class, being designated by name as the children of certain of his children, and there is no precedent estate or interest to intervene, the intent of the testator is construed and given effect with reference to his death, nothing else appearing.

2. **Same—Date of Will—After-born Children.**

   Where the grandchildren of the testator take under his will as a class as of the date of his death, and there is a further provision of the will as to other grandchildren born after the date of the will, the further provision applies to such other grandchildren who are alive at the time of testator's death, and not to those who may thereafter be born.

APPEAL by respondents from *Clayton Moore, Special Judge,* at June Term, 1927, of PASQUOTANK. Affirmed.

This was a special proceeding, brought before the clerk of the Superior Court of Pasquotank County by the plaintiff, petitioner, against

the defendants, respondents, to sell certain real estate, stocks, notes, etc., to make a division. An appeal was taken from the final decree of the clerk to the judge of the Superior Court. The court below confirmed and approved the clerk's decree, and respondents excepted, assigned error and appealed to the Supreme Court.

The material facts will be set forth in the opinion.

*Thompson & Wilson* for petitioner.
*P. G. Sawyer* for respondents.

·Clarkson, J. M. N. Sawyer died on 29 August, 1925, leaving a last will and testament, dated 11 December, 1922. The material parts for a decision of the action are:

"2. I give and devise my old home where I now live and part of the barn lot adjoining the same to my son, Roland M. Sawyer, in fee, but I tax the old home and the barn lot adjoining the same in the sum of six thousand dollars to be paid by my son, Roland M. Sawyer, to my grandchildren as follows: To Mary L. Toxey's children one share; to J. C. Sawyer's children one share; to M. B. Sawyer's children one share; to Florence Gallop's children one share; to P. G. Sawyer's children one share; to Roland M. Sawyer's children one share, or any other of my children who may have children borned to them after the date of this will, shall receive equally with those above mentioned and in the same manner as above mentioned.

"3. I give and devise all of my real estate of every kind and description (except the old home and barn lot) all of my notes, bonds, stock, money, insurance, household and kitchen furniture—in fact everything I have at the time of my death not otherwise disposed of, to my grandchildren in the same manner and form as I have above described it in item second.

"4. It is my will and desire that my son, Roland M. Sawyer, pay to all of my grandchildren who are 21 years of age their part of the six thousand dollars due them within one year after my death, and those who are not 21 years old he shall deposit their money in some savings bank to be used by their guardian for their benefit."

The testator left surviving him eight children, to wit: (1) Mary L. Toxey, (2) J. S. Sawyer, (3) M. B. Sawyer, (4) Florence Gallop, (5) P. G. Sawyer, (6) Roland M. Sawyer, (7) Stella Gallop, (8) Minnie G. Whitehurst.

At the time of the death of said M. N. Sawyer, (1) Mary L. Toxey had three children: Ray Toxey, Hubert Toxey, Minnie Toxey Wilson. (2) J. S. Sawyer had three children: Mary A. Sawyer, J. C. Sawyer, Jr., and Martha Sawyer. (3) M. B. Sawyer had one child: Nancy H.

Sawyer (petitioner by her next friend). (4) Florence Gallop had one child: Aubrey Gallop. (5) P. G. Sawyer had one child: P. G. Sawyer, Jr. (6) Roland M. Sawyer had one child: Margaret Sawyer. Neither Stella Gallop nor Minnie G. Whitehurst had any children, they now being 56 and 54 years of age, respectively.

The above status with respect to the different children and grand-children continues unchanged at the present time. None have died and no others have been born.

The judgment of the clerk, approved by the court below on appeal, ordered, decreed and adjudged that the division be as follows: "That Nancy H. Sawyer, only child of M. B. Sawyer, is entitled to a one-sixth interest in the amount now in the hands of said M. B. Sawyer, commissioner, and in any amount which may hereafter come into his hands by virtue of the sale hereafter to be made of the stock in the Crystal Ice and Coal Corporation of Washington, North Carolina; that the defendants, Ray Toxey, Hubert Toxey and Minnie Toxey Wilson, children of Mary L. Toxey, are together the owners of one-sixth interest in said amounts; and that the defendants, Mary A. Sawyer, J. C. Saw-yer, Jr., and Martha Sawyer, the children of J. C. Sawyer, are to-gether the owners of one-sixth interest in said amounts; that the de-fendant, Aubrey Gallop, sole child of Florence Gallop, is the owner of one-sixth interest in said amounts; that the defendant, Margaret Saw-yer, sole child of Roland M. Sawyer, is the owner of one-sixth interest in the said amounts; and that the defendant, P. G. Sawyer, Jr., sole child of P. G. Sawyer, is the owner of one-sixth interest in the said amounts." In the judgment we can see no error.

In *Walker v. Johnston*, 70 N. C., at p. 579, the principle is thus stated: "When a legacy is given to a class, as to the children of A., with no preceding estate, only such as can answer to the call at the death of the testator can take, for the ownership is then to be fixed, and the estate must devolve upon those who can answer the description. So children of A., born after the death of the testator, are excluded, as are also the children of a child of A., such child having died before the testator, for these children of a child of A. do not fill the description. But when there is a preceding life estate so that the ownership is filled for the time, and there is no absolute necessity to make a peremptory call, for the takers of the ultimate estate, the matter is left open until the determination of the life estate, with a view of taking in as many of the objects of the testator's bounty as come within the description and can answer to the call, when it is necessary for the ownership to devolve and be fixed." *Carroll v. Hancock*, 48 N. C., 471; *Mason v. White*, 53 N. C., 421; *Wise v. Leonhardt*, 128 N. C., 289; *Fulton v. Waddell*, 191 N. C., 688.

COLT v. CONNER.

"Unless the context of the will shows an intention to include after-born children, a direct gift to children as a general rule includes those living at the time of the testator's death, to the exclusion of those born afterwards." 40 Cyc., 1479 (Wills).

The roll of the class is called at the death of the testator under the will in controversy. This is the rule of law well settled in this State. Construing Item 3 with Item 2, the clear language of Item 3 is that all of testator's real and personal property, *"in fact everything I have at the time of my death not otherwise disposed of to my grandchildren in the same manner and form as I have above described it in Item second."* In Item 2 the manner and form is *to Mary L. Toxey's children one share*, etc., *"or any other of my children who may have children borned to them after the date of this will,"* is limited to those born before testator's death. In fact, Item 4 says: It is my will and desire that the $6,000 legacy be paid to the grandchildren, if of age, and if not of age to be deposited in some saving bank to be used by their guardian for their benefit. This is to be done within one year after testator's death. This convincingly shows that the testator himself by his will called the roll of the class at his death. The judgment below is
Affirmed.