CHARLES O. ROBINSON AND W. G. GAITHER, TRUSTEES UNDER THE WILL
OF CHARLES H. ROBINSON, FOR HIS GRANDCHILDREN, v. C. O. ROBIN-
SON, JR., AND WIFE, FLORA ROBINSON, W. B. ROBINSON AND WIFE,
JANE ROBINSON, C. H. ROBINSON, UNMARRIED, MARY LEIGH GAI-
THER OVERTON AND HUSBAND, H. H. OVERTON, W. G. GAITHER, JR.,
UNMARRIED, BETTIE GAITHER, UNMARRIED, ELIZABETH HANES
STRUBING AND HUSBAND, PHILIP H. STRUBING, ALEX S. HANES,
JR., AND WIFE, ANN WRIGHT HANES, DELPHINE MUSE AND HUS-
BAND, MAURICE MUSE, AND MARY ROBINSON HANES.

(Filed 26 February, 1947.)

**1. Wills § 31—**

The primary purpose in interpreting wills is to ascertain what the
testator desired to be done with his estate.

**2. Wills § 33c—**

The law favors the early vesting of estates.

**3. Same—**

A devise and bequest of property in trust for the benefit of testator's
grandchildren with provision that when the youngest should reach the
age of twenty-one the trustee should divide up and deliver the property
to them in equal parts, *is held* to vest the beneficial interest in testator's
grandchildren living at the time of his death, no contrary intent appearing
from the will, and therefore where one of the grandchildren marries and
dies before the termination of the trust, his share should be paid to his
widow under the provisions of his will in the settlement of the trust
estate.

APPEAL by certain defendants from *Burgwyn, Special Judge,* at Octo-
ber Term, 1946, of PASQUOTANK.

Civil action under Uniform Declaratory Judgment Act, G. S., 1-253,
*et seq.,* to determine certain questions of construction arising under the
last will and testament of the late Charles H. Robinson.

Upon hearing in Superior Court these facts found by the presiding
judge, briefly stated, are pertinent to determination of the questions
involved:

1. Charles H. Robinson, resident of Elizabeth City, North Carolina,
died on 25 November, 1930, leaving a last will and testament, dated
16 February, 1928, and a codicil thereto, dated 10 August, 1929.   In
the will this provision appears: "Fifth. I will and bequeath to my
Executors hereinafter named to be held in trust for my grandchildren,
all my lands in Camden County, N. C., and all my lands in Baltimore
County, Md., together with any money on deposit with the C. H. Robin-
son Co. as shown on the books of said Company in an account under the
heading of 'C. H. Robinson Trust Account.'   My Executors are hereby
empowered to sell any part of said lands, and to use the proceeds of

such sales for the improvement of the balance of the lands unsold, or to place the proceeds of such sales in Trust in some Bank or Trust Company to be held as a Trust fund for the benefit of my Grand Children,. at the discretion of said Executors. When the youngest of my Grand Children shall reach the age of Twenty one years, an equal division of this Trust shall be made in value of any lands unsold and of money on deposit held in trust for my Grand Children, and conveyed to my Grand Children by my Executors, share and share alike in value." . . . "Tenth. I hereby appoint as Executors of this my last Will, my son, Charles O. Robinson and sons in law, Alex S. Hanes and W. G. Gaither, to settle and distribute my estate as herein provided."

And the codicil to the will reads as follows: "In case my Executors consider it advisable in order to facilitate the handling of the Trust to my Grand Children provided in clause 5 of my will, to organize a Stock Company with no par value stock. They are hereby authorized to do so, and to convey the property of said trust to said Stock Company, In which case the stock of said Company is to be held in Trust in equal amounts for each of my Grand Children, and the affairs of said Company closed and a distribution of its assets made as provided in my Will equally to my Grand Children, when the youngest one of them reach the age of twenty one years."

2. At the time of the preparation of the will, and at the time of his death, Charles H. Robinson had nine grandchildren, namely, C. O. Robinson, Jr., W. B. Robinson, C. H. Robinson, Mary Leigh Gaither (now Overton), W. G. Gaither, Jr., Bettie Gaither, Alex S. Hanes, Jr., Elizabeth Hanes Strubing, and Charles Robinson Hanes.

3. Charles R. Hanes died 13 September, 1943, without children or issue, but survived by his wife, Delphine C. Hanes, to whom by his last will and testament, prepared and executed after he had arrived at the age of twenty-one years, he devised and bequeathed all of his estate for her own use and benefit forever, and appointed her as executrix with powers set out therein.

4. That said Delphine C. Hanes has since intermarried with defendant Maurice Muse.

5. All of the said grandchildren of Charles H. Robinson are now of full age, the youngest having reached the age of twenty-one years on 28 July, 1946.

6. The property composing the *corpus* of the trust estate provided for in said Fifth section of the will of Charles H. Robinson consists of certain lands and moneys.

7. The surviving Executors, Alex S. Hanes having died, as trustees of the trust set up in the fifth item of the said will, being ready and able to close the trust committed to them and to make final accounting and distribution thereof, sought the advice and direction of the court in

respect, in the main, as to whether the distribution should be in eight parts to the eight surviving grandchildren, or in nine parts to them and to the widow of Charles Robinson Hanes.

The court being of opinion (1) that each of the nine grandchildren of Charles H. Robinson, as aforenamed, living at the time of his death, took under said will a vested interest in one-ninth of the said trust property, the enjoyment and possession of which being deferred until the termination of the trust, that is, when the youngest grandchild reached the age of twenty-one years, and (2) that the defendant, Delphine Muse, has succeeded to the interest of her late husband, the said Charles Robinson Hanes, entered judgment so adjudging, and directing the Executors as trustees as aforesaid to make distribution in accordance with such opinion.

To so much of the judgment as holds (1) that Charles Robinson Hanes became vested with an interest in said trust property prior to his death, and (2) that defendant, Delphine Muse, is the owner of such interest and entitled to receive one-ninth of the trust estate, the defendants, C. O. Robinson, Jr., W. B. Robinson, C. H. Robinson, Mary Leigh Gaither Overton, W. G. Gaither, Jr., Bettie Gaither, Alex S. Hanes, Jr., and Elizabeth Hanes Strubing, severally, except and appeal to Supreme Court, and assign error.

*John H. Hall for all appealing defendants except Mary Leigh Gaither Overton, Alex. S. Hanes, Jr., and Elizabeth Hanes Strubing, for whom no brief is filed.*

*Womble, Carlyle, Martin & Sandridge for defendant Delphine C. Muse.*

WINBORNE, J.  The basic question here involved: Did the grandchildren of the late Charles H. Robinson, living at the date of his death, acquire vested interests in the trust estate created under the fifth item of his will?  The decisions of this Court point to an affirmative answer. See *Walker v. Johnston,* 70 N. C., 576; *Witty v. Witty,* 184 N. C., 375, 114 S. E., 482; *Weill v. Weill,* 212 N. C., 764, 194 S. E., 462; *Coddington v. Stone,* 217 N. C., 714, 9 S. E. (2d), 420; and *Priddy & Co. v. Sanderford,* 221 N. C., 422, 20 S. E. (2d), 341, and cases cited, where applicable principles are enunciated and applied.  Decision here may aptly be made on authority of these cases.

It is declared in the *Walker case* that: "When a legacy is given to a class—as to the children of A—with no preceding estate, only such as can answer to the roll call at the death of the testator can take, for the ownership is then to be fixed and the estate must devolve upon those who answer the description."  Also in the *Coddington case* the Court states that the absence of any limitation over upon the contingency of the death of the beneficiary has been considered to raise a strong inference

that it was the intention of the testator to confer an immediate estate vested at his death. ·And, continuing, "It is generally held, nothing else appearing in the will to the contrary, where an estate is devised to a trustee in an active trust for the sole benefit of persons named as beneficiaries with directions to divide up and deliver the estate at a stated time, this will have the effect of vesting the estate immediately upon the death of the testator. The intervention of the estate of the trustee will not have the effect of postponing the gift itself, but only the enjoyment . . . The rule is, we think, applicable to an estate in trust of mixed personalty and realty."

Moreover, the primary purpose in interpreting all wills is to ascertain what the testator desired to be done with his estate. *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892; *Williams v. Rand,* 223 N. C., 734, 28 S. E. (2d), 247. And the law favors the early vesting of estates. *Weill v. Weill, supra,* and cases cited.

In the will and codicil presently being considered, such expressions as these in the will, "I will and bequeath to my executors . . . to be held in trust for my grandchildren," and "to be held as a trust fund for the benefit of my grandchildren," and in the codicil, "the stock of said company is to be held in trust in equal amounts for each of my grandchildren," clearly manifest an intention of the testator to make an immediate gift to each of his grandchildren. And careful consideration of other provisions of the will fails to show a contrary intention on the part of the testator.

Thus, under the above principles of law as applied to the case in hand,· the court below correctly held that each of the grandchildren of the late Charles H. Robinson living at the time of his death took under his will a vested interest in one-ninth of the trust estate created, the enjoyment and possession only being deferred until the termination of the trust. Therefore, the grandson Charles Robinson Hanes, living at the time of the death of his grandfather, acquired a vested interest in the trust estate, and the same passed under his will to his wife, the defendant Delphine Muse.

The judgment below is
Affirmed.