DURAND A. HALL AND CAROLINE H. HALE, INDIVIDUALLY, AND AS TRUS-
TEES UNDER THE LAST WILL AND TESTAMENT OF WILLIAM C. WHITE,
DECEASED, v. FRANK W. WARDWELL AND ELIZABETH M. WARD-
WELL, HIS WIFE, AND TRYON FEDERAL SAVINGS & LOAN ASSOCIA-
TION.

(Filed 3 March, 1948.)

**1. Wills § 33f: Trusts § 14b—**

Neither a devisee for life nor a trustee under a testamentary trust has
authority to convey the fee in the land devised in the absence of authority
conferred by the will, but the power to convey need not be expressly con-
ferred but may be implied from the language of the instrument neces-
sarily requiring the exercise of the power to effectuate the testamentary
intent.

**2. Wills § 33f—**

A devise of the residue of testator's property, real and personal, for life,
with direction to the life tenant to invest and keep invested the principal
and use any portion thereof for any charitable or philanthropic purpose
she might select, vests in the life tenant, by necessary implication, power
to convey the real estate in fee.

**3. Trusts § 14b—**

A devise of property in trust subject to an intervening life estate, with
direction to the trustees to keep the principal invested and use the pro-
ceeds for purposes designated (G. S., 36-21), gives the trustees the power
to convey the real estate in fee, since the right to invest and use the
proceeds necessarily implies the power to convert into proceeds by sale.

APPEAL by defendants from *Patton, Special Judge,* at January-Febru-
ary Term, 1948, of POLK. Affirmed.

Controversy without action to determine whether plaintiffs are entitled
to specific performance of a contract of real property.

William C. White died prior to 1936, seized and possessed of the land
in controversy. He left a last will and testament in which he devised
the residue of his property, including the *locus,* as follows:

(1) "All the rest and residue of all property, real and personal," to
his wife, Alida D. White, "to be held and the income therefrom to be
used by her, during her natural life, the principal thereof to be invested
and kept invested by her as she shall deem best" without liability for
losses.

(2) "All the rest and residue," after the death of his wife, "to Caro-
line H. Hale and Durand A. Hall . . . in trust" for certain named uses,
"to keep such rest and residue of my estate invested as shall seem to
them best and to use the proceeds" as designated in the will.

(3) "Notwithstanding the foregoing item 8 of this Will, it is my
desire and will that if in her lifetime my wife shall desire, she may use

any portion of said rest and residue of my estate that she shall wish so to use" for certain purposes; "any residue thereafter ·remaining to be used by my said trustees for the purposes set forth in said item 8; of any such use by my wife she to be the sole judge."

On 12 November, 1938, Alida D. White, individually and as executrix of the estate of William C. White, deceased, executed and delivered to Caroline H. Hale and Durand A. Hall a deed conveying the *locus*. In this deed full reference is made to the provisions in the White will.

In March 1947 plaintiffs contracted to sell the *locus* to defendants, and defendants deposited in the bank $250 earnest money. Thereupon plaintiffs executed and tendered to defendants a deed sufficient in form to convey an indefeasible fee to the *locus*. They likewise tendered similar deed executed by them as trustees under the White will.

Defendants declined to perfect the agreement for that the deeds tendered do not in fact convey a marketable and indefeasible fee to said premises. Thereupon this proceeding was filed to procure an adjudication of the controversy.

When the cause came on for hearing the judge, being of the opinion that said deeds vested in plaintiffs a "marketable and indefeasible title in fee simple to the property therein described" and that the deeds tendered by them conveyed said title to the defendants, entered judgment for plaintiffs. Defendants excepted and appealed.

*M. R. McCown for plaintiff appellees.*
*W. Y. Wilkins, Jr., for defendant appellants.*

BARNHILL, J. While the indefiniteness of the trust provisions in the White will are mooted to some extent, the validity of this trust is not at issue. In any event the will vested title in the widow for life with the remainder in fee in the trustees. G. S. 36-21.

The one decisive question is this: Did the will vest in Mrs. White, or in the trustees, or in both, the power to sell and convey the land in fee?

The plaintiffs tender a deed which conveys the title they acquired through the deed from Mrs. White and also a deed executed by them as trustees. Hence, if either they or Mrs. White are, under the terms of the White will, vested with power to convey the *locus,* the title tendered is unassailable and defendants must comply with their contract.

The court below concluded that the tendered deeds conveyed "a marketable and indefeasible title in fee." In this conclusion we concur.

In the absence of authority conferred by the will, a devisee for life or a trustee under a testamentary trust has no authority to convey the fee in the land devised. But the power to convey need not be expressly conferred. It may be implied from the context of the will. 54 A. J.,

349. It is purely a question of testamentary intent. *Tippett v. Tippett,* 7 A. (2d), 612; 3 Bogert, Trusts and Trustees, pt. 2, 558.

The implication may result from language necessarily requiring the exercise of the power, from the statement of purposes, or the conferring of other powers or duties to which the power of sale is essential. 54 A. J., 349. It will be implied where the power to invest and to consume the principal, consisting of real estate, for specific purposes, or to invest and manage real estate, *Robinson v. Robinson,* 105 Me., 68, 32 L. R. A., ns, 675, or "to invest and keep invested" is conferred, with a devise over of the unconsumed principal. *Foil v. Newsome,* 138 N. C., 115; *Powell v. Woodcock,* 149 N. C., 235; *Dillon v. Cotton Mills,* 187 N. C., 812, 123 S. E., 89; *Bank v. Edwards,* 193 N. C., 118, 136 S. E., 342; Anno. 134 A. L. R., 380, 400.

Here the life tenant was authorized to invest and keep invested the principal estate consisting in part of real property "without liability for any losses incurred," and to use any portion thereof she should desire for the maintenance or care of any charitable or philanthropic purpose or individual or cause she might select. This could be accomplished only by a conversion of the land into liquid assets. The conversion into liquid assets required a sale. Hence the power to sell must be inferred.

The widow, in the exercise of this power, conveyed the premises to the plaintiffs. They thereby became the owners of the property in fee and the deed tendered by them conveys a like estate to defendants.

Furthermore, the trustees who were seized of the premises in fee, subject to the life estate of the widow and her power of disposition, were likewise directed to "keep such residue . . . invested . . . and use the proceeds . . ." for designated purposes. The right to invest and use the proceeds necessarily implies the power to convert into proceeds by sale.

It follows that any asserted defect in the title of plaintiffs as individuals is cured, if cure is needed, by the deed they, as trustees, have tendered to the defendants.

Hence the judgment below must be

Affirmed.