WATSON N. SHERROD, JR., INDIVIDUALLY, MAY HOLTON SHERROD, WIFE OF WATSON N. SHERROD, JR.; WATSON N. SHERROD, JR., IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF WATSON N. SHERROD, SR.; WATSON N. SHERROD, JR., IN HIS CAPACITY AS TRUSTEE UNDER ITEM FOUR OF THE LAST WILL AND TESTAMENT OF WATSON N. SHERROD, SR.; MAY McLAUGHLIN SHERROD, AN UNMARRIED ADULT; ELIZABETH LLEWELLYN SHERROD, AN UNMARRIED ADULT; AND WILLIAM LLEWELLYN SHERROD, AN UNMARRIED MINOR, ACTING BY AND THROUGH JOHN P. MORRIS, HIS DULY APPOINTED GUARDIAN AD LITEM v. ANY CHILD OR CHILDREN HEREAFTER BORN TO WATSON N. SHERROD, JR. AND ANY CHILD OR CHILDREN, BORN OR UNBORN, OR KNOWN OR UNKNOWN WHO MAY HEREAFTER BE ADOPTED BY WATSON N. SHERROD, JR.; ROY A. COOPER, JR., GUARDIAN AD LITEM OF ANY CHILD OR CHILDREN HEREAFTER BORN TO WATSON N. SHERROD, JR.; AND STEPHEN M. VALENTINE (NOW FRANKLIN L. ADAMS, JR.), GUARDIAN OF ANY CHILD OR CHILDREN, BORN OR UNBORN, OR KNOWN OR UNKNOWN WHO MAY HEREAFTER BE ADOPTED BY WATSON N. SHERROD, JR.

No. 827SC1133

(Filed 6 December 1983)

**1. Trusts § 1.1— creation of testamentary trust**

A devise of a farm to testator's grandchildren with a provision that testator's son should handle the property as he thinks best until the oldest child shall have reached the age of 30 created an active trust.

**2. Wills § 35.5— class gift—persons entitled to share**

If a class gift is to be distributed at the death of the testator, then regardless of whether the gift is personal or real property, the class closes at the death of the testator. If the gift is personal property and is to be distributed at a later date, the roll is called at the date of distribution.

**3. Wills § 35.5— class gift of realty—persons entitled to share**

If a gift is real property, there is no intervening life estate, and the property is to be distributed at a later date, the class is closed at the death of testator.

**4. Wills § 35.5— trust for granddaughters and afterborns—closing of class of beneficiaries**

Where testator devised a farm to his granddaughters and any unborn children of his son with a provision that the son should manage the farm until the oldest child reached the age of 30, the class of beneficiaries closed at the death of testator to the exclusion of afterborn children.

**5. Wills § 41.1— testamentary trust—no violation of rule against perpetuities**

A trust created when testator devised a farm to his granddaughters and any unborn children of his son with a provision that the son should manage the farm until the oldest child reached the age of 30 did not violate the rule against perpetuities, since the class closed at the death of the testator, and the interests of the grandchildren were to vest at the testator's death with only full enjoyment to be postponed.

**6. Trusts § 6.3— testamentary trust—power of sale**

A testamentary trust for testator's grandchildren which gave the trustee the power to handle the only trust asset, a farm, "as he thinks best" and provided that the farm could be used to give "either child a suitable education" gave the trustee the power to sell the farm without approval of the court.

**7. Trusts § 6.1— testamentary trust—right to accumulate income or distribute equally**

A testamentary trust for testator's grandchildren which gave the trustee the power to handle the only trust asset, a farm, "as he thinks best" and provided that the farm could be used to give "either child a suitable education" gave the trustee the power to distribute income unequally or to accumulate it in his discretion.

**8. Declaratory Judgment Act § 4.6— rights under a will—failure of court to adjudicate—remand**

Where parties to a declaratory judgment action presented genuine issues regarding rights and liabilities under a will, they were entitled to have them resolved, and where the trial court failed so to adjudicate, the cause will be remanded.

Judge PHILLIPS dissenting.

APPEAL by plaintiffs and defendants Roy A. Cooper, Jr., guardian ad litem, and Franklin L. Adams, Jr., guardian ad litem, from *Rouse, Judge.* Judgment entered 13 July 1982 in Superior Court, NASH County. Heard in the Court of Appeals 19 September 1983.

Appellants appeal from a declaratory judgment interpreting the will of Watson N. Sherrod, Sr.

*John E. Davenport for plaintiff appellants.*

*Valentine, Adams & Lamar, by Franklin L. Adams, Jr., for Franklin L. Adams, Jr., Guardian Ad Litem for any child or children hereafter adopted by Watson N. Sherrod, Jr., defendant appellant.*

*Fields, Cooper & Henderson, by Leon Henderson, Jr., for Roy A. Cooper, Jr., Guardian Ad Litem for any child or children hereafter born to Watson N. Sherrod, Jr., defendant appellee and cross appellant.*

WHICHARD, Judge.

I.

Plaintiffs brought this declaratory judgment action to interpret Item Four of the Last Will and Testament of Watson N. Sherrod, Sr., which provides:

> I will and bequeath to my granddaughters May McLaughtin [sic] Sherrod and Elizabeth Llewellyn Sherrod and any unborn children of my son, Watson N. Sherrod, Jr. my farm located in Nash County, N.C. and known as the Hunter Farm, share and share alike. This bequest to be handled by the children's father Watson N. Sherrod, Jr. as he thinks best until the oldest child shall have reached the age of thirty years unless this bequest shall be needed to give either child a suitable education.

The court determined that this item created an active trust, the beneficiaries of which were the living children of Watson N. Sherrod, Jr. and any children hereafter born to him; that it did not violate the rule against perpetuities; and that it did not include children adopted by Watson N. Sherrod, Jr.

From this judgment, plaintiffs and the guardian ad litem for any child or children hereafter adopted by Watson N. Sherrod, Jr. (hereafter appellants) appeal. The guardian ad litem for any child or children hereafter born to Watson N. Sherrod, Jr. cross appeals.

II.

[1] The first issue is whether the above language creates a trust. The elements of a trust are: "(1) sufficient words to raise it, (2) a definite subject, (3) and an ascertained object." *Thomas v. Clay*, 187 N.C. 778, 783, 122 S.E. 852, 854 (1924), *quoted in Trust Co. v. Taylor*, 255 N.C. 122, 126, 120 S.E. 2d 588, 591 (1961).

As to sufficiency of the language, our courts consistently have held that "no particular language is required to create a trust relationship if the intent to do so is evident." *Stephens v. Clark,* 211 N.C. 84, 88, 189 S.E. 191, 194 (1937); *see also Y.W.C.A. v. Morgan, Attorney General,* 281 N.C. 485, 490, 189 S.E. 2d 169, 172 (1972). It is evident here that the testator intended to create a trust for his grandchildren. He states that their father is to manage the property until the oldest child reaches the age of thirty. He does not use precatory language. Rather, he mandates that "[t]his bequest [is] to be handled by the children's father." This language suffices to create a trust if the other elements are present. They clearly are. The testator's farm in Nash County is the "definite subject." His grandchildren, as beneficiaries, are the "ascertained object[s]."

A similar case is *Johnson v. Salsbury,* 232 N.C. 432, 61 S.E. 2d 327 (1950). The testator there left part of his estate to his grandchildren and requested that their father be appointed "to act as guardian . . . in handling" the estate. *Id.* at 434, 61 S.E. 2d at 329. The Court held that since the law did not allow a grandfather to appoint a testamentary guardian for his grandchildren, the will should be interpreted as creating a trust for the grandchildren with their father as trustee. *See also Camp v. Pittman,* 90 N.C. 615 (1884).

Item Four here, like the language in the *Johnson* will, creates an active trust.

### III.

The next issue is when to call the roll and determine the members of the class of beneficiaries. The court determined that the roll should be called on 1 November 1992, the thirtieth birthday of the testator's oldest grandchild, when by the terms of the will the trust terminates. Thus, any children of Watson N. Sherrod, Jr., whether born before or after the death of the testator, would be included in the class, provided they were born or *en ventre sa mere* prior to 1 November 1992.

[2] Our courts have developed several rules for determining when to call the roll. If the class gift is to be distributed at the death of the testator, then regardless of whether the gift is personal or real property, the class closes at the death of the

testator. *Clarke v. Clarke,* 253 N.C. 156, 160-61, 116 S.E. 2d 449, 452 (1960); *Robinson v. Robinson,* 227 N.C. 155, 157, 41 S.E. 2d 282, 284 (1947). This is known as the "rule of convenience." *Cole v. Cole,* 229 N.C. 757, 760, 51 S.E. 2d 491, 493 (1949).

If the gift is personal property and is to be distributed at a later date, however, the roll is called at the date of distribution. *Meares v. Meares,* 26 N.C. (4 Ired.) 192, 197 (1843); *Fleetwood v. Fleetwood,* 17 N.C. (2 Dev. Eq.) 222, 223 (1832). The rationale is that "as many objects of the testator's bounty as possible ought to be included, and there is no necessity for ascertaining the owners of the fund until it is to be distributed." *Hawkins v. Everett,* 58 N.C. (5 Jones) 42, 44 (1859); *see also Knight v. Wall,* 19 N.C. (2 Dev. & Bat.) 125, 130 (1836); 1 N. Wiggins, *Wills and Administration of Estates in North Carolina* § 150, at 496-97 (1964).

This rationale of including as many members of the class as possible has been extended to gifts of real property when there is an intervening life estate, so that the roll is not called until the termination of the life estate. *Parker v. Parker,* 252 N.C. 399, 403, 113 S.E. 2d 899, 903 (1960) (quoting *Mason v. White,* 53 N.C. 421, 422 (1862) ); *Sawyer v. Toxey,* 194 N.C. 341, 343, 139 S.E. 692, 693 (1927). The explanation is that

> the ownership is filled for the time, and there is no absolute necessity to make a peremptory call, for the takers of the ultimate estate, [so] the matter is left open until the determination of the life estate, with a view of taking in as many of the objects of the testator's bounty, as come within the description and can answer to the call, when it is necessary for the ownership to devolve and be fixed.

*Walker v. Johnston,* 70 N.C. 575, 579 (1874).

[3] If the gift is real property, there is no intervening life estate, and the property is to be distributed at a later date, the class is closed at the death of the testator. *Wise v. Leonhardt,* 128 N.C. 289, 290-91, 38 S.E. 892, 892 (1901). The will in *Wise* provided: "I give and devise to my son Lawrence's children the half of the tract of land where he now lives, to be divided equally among them after the death of my son Lawrence, to have and to hold to them and their heirs in fee simple forever." The Court recognized the above rule that in order to include as many members of the

class as possible, the court will call the roll at the date of distribution rather than at the death of the testator. It explicitly stated, however, that this rule "does not apply to real estate unless there be an intermediate estate, for life or years, intervening between the death of the testator and the time in the future when the devisees in remainder come into possession of their vested remainders." *Id.* at 290, 38 S.E. at 892.

*Wise* has been criticized, but not overruled. One commentator has stated that the opinion "was based upon a misapprehension of the metaphysics of title." Long, *Class Gifts in North Carolina,* 22 N.C. L. Rev. 297, 314 (1944). In criticizing the Court's rationale that the class had to close at the testator's death so that the courts would be able to determine who had title, this commentator stated:

> Certainly the Court's statement that the title had to be in someone, that it 'could not be in the clouds,' affords no justification for such a holding. If the title cannot be in the clouds or in [the testator's son] it may nevertheless be vested in the three children subject to partial divestment in favor of those later born; the fact that the three children must have the title need not mean that they are to have it indefeasibly. And once this difficulty has been overcome it would seem just as reasonable to admit children born after the death of the testator where there is an express direction for the postponement of the division of the property as to admit them where the intervention of a life estate causes a postponement.

*Id.* at 313.

This criticism seems valid for several reasons. First, legal title would not be in limbo during the period of trust. Rather, it would be in the trustee; and equitable title would be in the members of the class born prior to the death of the testator. The fact that their title is subject to partial divestment does not mean they do not have it. Second, no inconvenience results from keeping the class open, since distribution cannot occur until a later date. This is especially true here where the testator set a specific date for distribution. Third, keeping the class open until distribution would further the policy of including therein as many people as possible.

The Supreme Court somewhat diminished the effect of *Wise* in *Cole v. Cole*, 229 N.C. 757, 51 S.E. 2d 491 (1949). It stated that "[r]ules as to the determination of classes are simply rebuttable presumptions." *Id.* at 761, 51 S.E. 2d at 493. The rule always has been, however, that if a contrary intent of the testator clearly appears, that intent prevails.

In *Cole* the will provided: "I will devise and bequeath to my beloved nephews and any other children who may be born to Robert and Peg Cole, my house and lot at 301 Fayetteville together with the contents and the lot west of the home on Fayetteville Road." The Court held that "the language of the will and the circumstances under which it was executed" evidenced an intent to include any child born to Robert and Peg Cole. *Id.* at 763, 51 S.E. 2d at 495. The class thus could not be closed until the death of either Robert or Peg Cole.

[4]  We find *Cole* distinguishable, however. The testator here explicitly stated that the trust was to terminate when the oldest grandchild reached thirty. Watson N. Sherrod, Jr. could father a child after his oldest child reached thirty, and it is improbable that the testator intended the class to remain open until Watson N. Sherrod, Jr. died. He may have intended to include all grandchildren born before the thirtieth birthday of the oldest grandchild. Such an intention does not, however, "clearly appear" from "the language of the will and the circumstances under which it was executed." *Id.*

Given the absence of a clear expression of intent, as in *Cole*, we consider *Wise*, though arguably unwise, the controlling authority. We thus hold that the class closed at the death of the testator, to the exclusion of afterborn children; and that the portion of the judgment providing that the beneficiaries include "any children hereafter born to Watson N. Sherrod, Jr." must be vacated.

## IV.

[5]  The next issue is whether the trust violates the rule against perpetuities, which provides that "[n]o devise or grant of a future interest in property is valid unless the title thereto must vest in interest, if at all, not later than twenty-one years, plus the period of gestation, after some life or lives in being at the creation of the

interest." *Joyner v. Duncan,* 299 N.C. 565, 568, 264 S.E. 2d 76, 81 (1980). The rule relates only to the time of vesting, and is not concerned with postponement of possession. *Trust Co. v. Taylor,* 255 N.C. 122, 127, 120 S.E. 2d 588, 592 (1961). A class gift will not violate the rule if it "cease[s] to be subject to open within the period of the rule." *Joyner v. Duncan, supra,* 299 N.C. at 573, 264 S.E. 2d at 84; *see also* L. Simes & A. Smith, *The Law of Future Interests* § 1265, at 196 (1956).

We have held that the class closed here at the death of the testator. The will did not contain any provision that only those grandchildren living when the oldest grandchild reached thirty would receive a share. Rather, the language indicates that the interests of the grandchildren were to vest at the testator's death, and only full enjoyment was to be postponed. This interpretation is supported by ample authority. *E.g., Joyner v. Duncan, supra; Trust Co. v. Taylor, supra; Robinson v. Robinson,* 227 N.C. 155, 41 S.E. 2d 282 (1947); *Coddington v. Stone,* 217 N.C. 714, 9 S.E. 2d 420 (1940). Since the interests have vested and the class has been closed, the rule against perpetuities has not been violated.

V.

Appellants contend the court erred in concluding that Item Four did not include adopted children. The record establishes that Watson N. Sherrod, Jr. had no adopted children at the time of the testator's death. Our holding that the class of beneficiaries closed at that time effectively eliminates any issue as to the rights of adopted children.

VI.

[6] Appellants contend the court erred in holding that Watson N. Sherrod, Jr. does not have authority to sell the farm except upon approval of the court.

In the absence of authority conferred by the will, . . . a trustee under a testamentary trust has no authority to convey the fee in the land devised. But the power to convey need not be expressly conferred. It may be implied from the context of the will. 54 A.J., 349. It is purely a question of testamentary intent. *Tippett v. Tippett,* 7 A. (2d), 612; 3 Bogert, Trusts and Trustees, pt. 2, 558.

*Bank v. Broyhill*, 263 N.C. 189, 192, 139 S.E. 2d 214, 216 (1964) (quoting *Hall v. Wardwell*, 228 N.C. 562, 46 S.E. 2d 556 (1948)). The issue thus becomes whether the testator intended to confer the power of sale.

A similar case is *Ripley v. Armstrong*, 159 N.C. 158, 74 S.E. 961 (1912). The testatrix there provided that her husband was to use the property "as he thinks best for the maintenance of our children." The Court held that the language and attendant circumstances implied a power to sell. One of the attendant circumstances was that the land primarily was used for agriculture, and the only way to provide maintenance for the children was to sell the property.

Here, the testator provided that Watson N. Sherrod, Jr. was to handle the property "as he thinks best." The testator also provided that the farm could be used to provide "either child a suitable education." The court specifically found that at the death of the testator, "the Hunter Farm was a large farm tract but had no value other than as a farm." The testator must have known that any income from the farm probably would be insufficient to provide a "suitable education" for three children. We thus hold, pursuant to *Ripley, supra*, that the testator intended to give Watson N. Sherrod, Jr. the power to sell the farm; that Sherrod took this power "under the will," *Ripley*, 159 N.C. at 159, 74 S.E. at 961; and that court approval of any sale thus is not required. The provision of the judgment that "[t]he Trustee does not have the power to sell any part, or all of the Hunter Farm except upon approval of the Court as provided by law" must thus be vacated.

[7] Appellants also contend the provisions that Watson N. Sherrod, Jr. was to handle the property "as he thinks best," and that the farm could be used to provide "*either* child a suitable education," gave Sherrod the power to distribute income unequally, or to accumulate it, in his discretion. (Emphasis supplied.) We agree, and we thus hold that the provision of the judgment that "[t]he beneficiaries of the Trust are entitled to share equally in the trust income" must be vacated.

VII.

[8] Appellants finally contend that some of the questions presented to the trial court were not answered. G.S. 1-255(3) pro-

vides that a declaratory judgment action may be brought "[t]o determine any question arising in the administration of [an] estate or trust, including questions of construction of wills and other writings." Our courts will not "determine matters purely speculative." *Little v. Trust Co.,* 252 N.C. 229, 243, 113 S.E. 2d 689, 700 (1960). When parties have a genuine issue regarding rights and liabilities under a will, however, they are entitled to have them resolved; and where the trial court fails so to adjudicate, the cause will be remanded. *Woodard v. Clark,* 234 N.C. 215, 221, 66 S.E. 2d 888, 892 (1951). The parties here presented genuine issues which they are entitled to have resolved, and the cause must be remanded to that end.

## VIII.

The portions of the judgment providing that (1) the beneficiaries of the trust include "any children hereafter born to Watson N. Sherrod, Jr.," (2) "[t]he beneficiaries of the Trust are entitled to share equally in the trust income," and (3) "[t]he Trustee does not have the power to sell any part, or all of the Hunter Farm except upon approval of the Court as provided by law" are vacated. Except as vacated, the judgment is affirmed; and the cause is remanded for further proceedings as to the unanswered questions presented by plaintiffs' complaint.

Vacated in part, affirmed in part, and remanded.

Chief Judge VAUGHN concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the devise involved was for the benefit of all the children of the testator's son, regardless of when born; the devise does not authorize Watson N. Sherrod, Jr. to sell his children's farm, though it does authorize him to manage and operate it until the oldest child's thirtieth birthday.

I vote to affirm the declaratory judgment.