WATSON N. SHERROD, JR., INDIVIDUALLY, MAY HOLTON SHERROD, WIFE OF WATSON N. SHERROD, JR.; WATSON N. SHERROD, JR., IN HIS CAPACITY AS EXECUTOR OF THE ESTATE OF WATSON N. SHERROD, SR.; WATSON N. SHERROD, JR., IN HIS CAPACITY AS TRUSTEE UNDER ITEM FOUR OF THE LAST WILL AND TESTAMENT OF WATSON N. SHERROD, SR.; MAY McLAUGHLIN SHERROD, AN UNMARRIED ADULT; ELIZABETH LLEWELLYN SHERROD, AN UNMARRIED ADULT; AND WILLIAM LLEWELLYN SHERROD, AN UNMARRIED MINOR, ACTING BY AND THROUGH JOHN P. MORRIS, HIS DULY APPOINTED GUARDIAN AD LITEM v. ANY CHILD OR CHILDREN HEREAFTER BORN TO WATSON N. SHERROD, JR. AND ANY CHILD OR CHILDREN, BORN OR UNBORN, OR KNOWN OR UNKNOWN WHO MAY HEREAFTER BE ADOPTED BY WATSON N. SHERROD, JR.; ROY A. COOPER, JR., GUARDIAN AD LITEM OF ANY CHILD OR CHILDREN HEREAFTER BORN TO WATSON N. SHERROD, JR.; AND STEPHEN M. VALENTINE (NOW FRANKLIN L. ADAMS, JR.), GUARDIAN OR ANY CHILD OR CHILDREN, BORN OR UNBORN, OR KNOWN OR UNKNOWN WHO MAY HEREAFTER BE ADOPTED BY WATSON N. SHERROD, JR.

No. 637A83

(Filed 2 October 1984)

**Trusts § 6.3— power of trustee—sale of land**

The Court of Appeals erred in part by holding that a trustee has the power to sell all or any part of a farm which is income producing and valuable for agricultural purposes without approval of the court as provided by law.

Chief Justice BRANCH did not participate in the consideration or decision of this case.

APPEAL by defendants, pursuant to G.S. 7A-30(2), from a decision of a divided panel of the Court of Appeals, 65 N.C. App. 252, 308 S.E. 2d 904 (1984), reversing and vacating in part and remanding a declaratory judgment interpreting the will of Watson N. Sherrod, Sr., entered by *Rouse, J.,* at the 13 July 1982 Civil Term of Superior Court, NASH County.

*John E. Davenport for plaintiffs-appellees.*

*Valentine, Adams, Lamar & Etheridge, by Franklin L. Adams, Jr., Guardian Ad Litem for any child or children hereafter adopted by Watson N. Sherrod, Jr., defendant-appellants.*

*Fields, Cooper & Henderson, by Leon Henderson, Jr., Guardian Ad Litem for any child or children hereafter born to Watson N. Sherrod, Jr., defendant-appellants.*

Sherrod v. Any Child or Children

PER CURIAM.

The opinion of the Court of Appeals contains a thorough statement of the relevant facts of this case. The Court of Appeals concluded that Item Four of testator's will created an active trust and conferred upon the trustee the power to sell the property held in trust. Further, the court held that the class closed at the death of the testator, thus excluding as beneficiaries any children born after the death of the testator. The cause was remanded pursuant to G.S. 1-255(3) to resolve genuine issues regarding the parties' rights and liabilities under the will.

After carefully reviewing the record and briefs filed in this case and hearing oral arguments of counsel for all parties, we find the opinion of the Court of Appeals correct except for that portion of the opinion which holds that the trustee has the power to sell the property without prior court approval. The Court of Appeals relies upon *Ripley v. Armstrong*, 159 N.C. 158, 74 S.E. 961 (1912) to support this conclusion. We do not find *Ripley* controlling, however, because the trust property in this case, unlike the trust property in *Ripley*, is income producing and valuable for agricultural purposes. Accordingly, that portion of the Court of Appeals' opinion which holds that court approval of a sale of the farm is not required is reversed; and the trial court's judgment that the trustee does not have the power to sell any part or all of the Hunter Farm, except upon approval of the court as provided by law, is reinstated. As thus modified, we affirm the decision of the Court of Appeals.

Modified and affirmed.

Chief Justice BRANCH did not participate in the consideration or decision of this case.